IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02567-MSK-CBS

LYNWOOD FELIX,
    Plaintiff,
v.

THAI BASIL AT THORNTON, INC.,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the parties' Joint Motion for Approval of Settlement Agreement. Pursuant to the Order of Reference dated September 25, 2014 (Doc. # 8) and the memorandum dated December 4, 2014 (Doc. # 15), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiff filed this civil action on September 16, 2014, alleging individual and collective claims for unpaid minimum wage and overtime amounts under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-101 *et seq.*, and Colorado Minimum Wage Order 29, 7 CCR § 1103-1. (*See* Complaint (Doc. # 1)). Defendant filed its Answer on October 10, 2014. (*See* Doc. # 11).

    The parties have engaged in settlement discussions concerning the individual claims of the named Plaintiff. Those settlement discussions have resulted in a settlement offer being made to the named Plaintiff in his individual capacity that satisfies

his claim for damages, costs and attorney's fees.  Plaintiff has accepted that offer subject to the approval by the court.  (*See* Settlement Agreement, Exhibit 2 to Joint Motion (Doc. # 14-2)).  The parties seek the court's approval of their Settlement Agreement.

Stipulated settlements in FLSA cases must be approved by the court in the absence of the direct supervision of the United States Department of Labor.  *Misiewicz v. D'Onofrio General Contractors Corp.*, No. 08 CV 4377(KAM)(CLP), 2010 WL 2545439, at * 3 (E.D.N.Y. May 17, 2010) (citations omitted).  See also *Jones v. Agilysys, Inc.*, No. C 12-03516 SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014) ("Settlements of private FLSA collective action claims require court approval.") (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982));  *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11CV344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) ("FLSA claims may only be settled if supervised by the United States Department of Labor or approved by a court."), *report and recommendation adopted*, No. 2:11CV344, 2013 WL 1897110 (E.D. Va. May 3, 2013) (citation omitted).[1]  "[T]he court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes."  *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009).  The court must determine that a proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Hargrove*, 2013 WL 1897027, at *2 (quoting *Lynn's Food Stores*, 679 F.2d at 1355.

---

[1]   The court is not required to evaluate the reasonableness of the settlement as to any non-FLSA claims.  *Duprey v. Scotts Co., LLC,* --- F. Supp. 2d ---, No. PWG-13-3496, 2014 WL 2174751, at * 4 (D. Md. May 23, 2014).

A.   Bona Fide Dispute

In order to provide the court with sufficient information to determine whether a bona fide dispute exists, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.   *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (citation omitted).   Here, Defendant operates restaurant establishments doing business as Thai Basil in Thornton, Lone Tree, and Denver, Colorado.   (*See* Doc. # 1 at ¶ 10).   Plaintiff was employed as a kitchen worker from approximately November 2011 through April 2014 at Defendant's place of business in Thornton, Colorado.   (*See* Doc. # 1 at ¶ 13). Plaintiff alleges that he was incorrectly classified as an exempt employee under the FLSA, his biweekly pay was in the nature of a set salary which did not vary regardless of the number of hours he worked, the division of his biweekly compensation by the number of hours actually worked resulted in an hourly wage that was below the minimum wage amounts required by the FLSA, and he was not appropriately paid for overtime hours worked in excess of 40 per week, in violation of federal law.   (*See* Doc. # 1 at ¶¶ 52-56). Defendant asserts that Plaintiff was not classified as an exempt employee, that he was paid at a rate in excess of the federal and state minimum wage rates, that his bi-weekly paychecks accounted for any overtime hours worked at the proper rate, that he was afforded all requisite rest and/or lunch breaks, and that he did not spend as much time

working at Thai Basil as he claims. (*See* Doc. # 11 at ¶¶ 28-30, 38, 52-56, Fifth Affirmative Defense). If Plaintiff were a covered employee under the FLSA, Defendant's estimate of his damages is approximately half of the estimate calculated by Plaintiff. The court concludes that this case involves a bona fide dispute over FLSA provisions, with the potential of either side prevailing if litigation were to continue. *See Castorena*, 2014 WL 5564339 at *2.

B.     Fair and Reasonable Settlement

"When determining whether a settlement is fair and reasonable, courts weigh a number of factors, including: '(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.'" *Id.*, 2013 WL 1897027, at *2 (quoting *Lomascolo v. Parson Brinckerhoff, Inc.*, No. 08–cv–1310, 2009 WL 3094955, at *10 (E.D.Va. Sep. 28, 2009)). There "is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Id.* at *10 (internal quotation marks and citation omitted).

The parties have met and conferred under Federal Rules of Civil Procedure 16 and 26, in accordance with the court's Minute Order setting the Scheduling Conference. (*See* Minute Order dated September 30, 2014 (Doc. # 10)). The parties have exchanged information informally, including information related to Plaintiff's pay and time records.

"Normally, a settlement is approved where it is the result of "contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief . . . ."  *Misiewicz*, 2010 WL 2545439, at * 3.  Plaintiff is no longer employed by Defendant, no similarly situated former or current employees are known or have contacted Plaintiff's counsel to join this action, and there is no evidence or allegation that Defendant has ever before failed to comply with the FLSA.  *See Castorena v. El Trompito, Inc.*, No. 14-cv-00326-KLM, 2014 WL 5564339, at * 2, * 4, n.2. (Nov. 3, 2014)   (to determine whether the proposed settlement is fair and equitable, the court should evaluate 1) the presence of other similarly situated employees; 2) a likelihood that the Plaintiff's circumstances will recur; and 3) whether the Defendant had a history of non-compliance with the FLSA) (citation omitted).   This case is being settled before the court has certified it as a collective action.   While the litigation will not be particularly complex, expensive, or lengthy, the "proceedings [have] advanced to a stage sufficient to permit the [p]arties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations . . . ."   *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08cv1310 (AJT/JFA), 2009 WL 3094955, at *11 (E.D. Va. Sept. 28. 2009).

Third, "[t]here is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."   *Lomascolo*, 2009 WL 3094955, at *12.   No allegations or evidence are presented that the proposed Settlement Agreement is the product of fraud or collusion.

Fourth, the parties are represented by counsel experienced in employment and

labor law, including wage and hour collective actions. The record reflects that counsel for both parties have demonstrated knowledge of the procedures in this court, the applicable law, and the factual basis for the claims and defenses necessary to provide competent legal advice to their respective clients. Defendant's counsel is a large national law firm with a significant practice in employment and labor law, including wage and hour defense. Plaintiff's counsel have significant experience in representing plaintiffs in wage and hour collective actions nationwide. Experienced counsel negotiated the settlement at arms-length. *See Houston v. URS Corp.*, 2009 WL 2474055, at * 5 (E.D.Va. Aug.7, 2009) ("When a settlement agreement has been the subject of arm's-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement.").

Finally, the court concludes that the Settlement Agreement is "fair and equitable to all parties concerned," considering the claims, defenses, and the potential recovery *Castorena*, 2014 WL 55643339 at *2. The parties agree to a settlement payment of $20,000.00 to Plaintiff and $12,000.00 to Plaintiff's counsel for attorney fees and costs. (*See* Doc. # 14-2 at ¶ 2). Plaintiff's counsel represented that Plaintiff's recovery is almost equivalent to all of his alleged unpaid minimum wage and overtime amounts. (*See* audio recording of Telephonic Status Conference (Courtroom Minutes/Minute Order (Doc. # 18))). Both parties' counsel represent that the Settlement Agreement is fair and reasonable based upon the evidentiary, legal, economic, and time considerations applicable to the case.

C.     Attorney Fees and Expenses

The court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Title 29 U.S.C. § 216(b).   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir.2009).   In calculating a fee award, the court must first determine the "lodestar amount, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate."   *Baker v. Vail Resorts Management Company*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014).

As part of the Settlement Agreement, the parties agree to $12,000.00 for attorney fees and expenses.   (*See* Doc. # 14-2 at ¶2, Doc. # 14-3, Doc. # 19).   Plaintiff's counsel spent 45 hours and $460.00 for expenses on this case.   (See Doc. # 14-3 at ¶ 4). Plaintiff's counsel submitted their hourly rates, along with billing timesheets.   (*See* Doc. # 14-3, Doc. # 19).   The $12,000.00 amount for fees and expenses under the Settlement Agreement is approximately 40% lower than the result of the court's lodestar calculation, "weighing in favor of a finding that the requested fees are reasonable."   *Hargrove*, 2013 WL 1897027, at *7.   The court will recommend that the amount for attorney fees and expenses be approved.[2]

---

[2]   *But see Misiewicz*, 2010 WL 2545439, at * 5 ("The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action.") (internal quotation marks and citation omitted).
> Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer.   In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and

In sum, the court finds that the settlement reached by the parties is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  Accordingly,

IT IS RECOMMENDED that the Joint Motion by the Parties for Approval of Settlement Agreement (filed December 4, 2014) (Doc. # 14) be GRANTED and this civil action be dismissed with prejudice, as stipulated by the parties.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and

---

payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.  In other words, there is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation.  . . .  the Court is reticent to disapprove a settlement on the amount of attorney's fees, since both parties assumingly have knowledge of how attorney's fees are calculated in this district and were negotiating at arm's length.
*Id.* (internal quotation marks, citations, and footnote omitted).

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of May, 2015.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge